TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
LYNDSI ALLSOP (Cal. Bar No. 323485)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3165
     Facsimile: (213) 894-0141
     E-mail:   Lyndsi.Allsop@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:21-00156-PA-1 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT SEVAK MEHRABIAN |
| v. | |
| SEVAK MEHRABIAN, ET AL., | |
| Defendant. | |

1.   This constitutes the plea agreement between SEVAK MEHRABIAN

("defendant") and the United States Attorney's Office for the Central

District of California (the "USAO") in the above-captioned case.

This agreement is limited to the USAO and cannot bind any other

federal, state, local, or foreign prosecuting, enforcement,

administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant gives up the right to indictment by a grand jury

and, at the earliest opportunity requested by the USAO and provided

by the Court, appear and plead guilty to counts one and two of the

First Superseding Information in the form attached to this agreement

or a substantially similar form to be filed in <u>United States v.</u> <u>Mehrabian, at al.</u>, CR No. 2:21-00156-PA, which charges defendant with Possession of 15 or More Unauthorized Access Devices, in violation of 18 U.S.C. § 1029(a)(3) (count one); and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1) (count two).

3. Defendant also agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement.

c. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

d. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

e. Be truthful at all times with the United States Probation and Pretrial Services Office ("USPPSO") and the Court.

f. Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

g. Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

h.  Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 N. Los Angeles St., Suite 7516, Los Angeles, CA 90012.  Defendant agrees that his ability to pay the criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

i.  Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

j.  Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the USPPSO.

4.  Defendant further agrees:

a.  To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following: (1) 84 Employment Development Department ("EDD") debit cards seized from defendant and co-defendant Viken Malakian ("co-defendant Malakian"); (2) $14,180 in U.S. currency seized from defendant during his arrest on October 2, 2020; and (3) $17,900 in U.S. currency seized from co-defendant Malakian during his arrest on October 2, 2020 (collectively, the "Forfeitable Property").

b.    To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Property and to the forfeiture of the property.

c.    To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Property, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

d.    Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Property.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Property on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property.  Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A).

e.    Not to assist any other individual in any effort to contest the forfeiture of the Forfeitable Property.

f.    Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

g.    To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

h.    To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

5.    That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

<u>THE USAO'S OBLIGATIONS</u>

6.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, move to dismiss the underlying Indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.    With respect to count one, not seek a sentence of imprisonment above the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 25 or higher.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

1

## NATURE OF THE OFFENSES

2     7.   Defendant understands that for defendant to be guilty of

3  the crime charged in count one, that is, Possession of 15 or More

4  Unauthorized Access Devices, in violation of Title 18, United States

5  Code, Section 1029(a)(3), the following must be true: (1) defendant

6  knowingly possessed at least 15 unauthorized access devices at the

7  same time; (2) defendant knew that the devices were unauthorized;

8  (3) defendant acted with the intent to defraud; and (4) defendant's

9  conduct in some way affected commerce between one state and other

10  states, or between a state of the United States and a foreign

11  country.  An "unauthorized access device" is any access device that

12  is lost, stolen, expired, revoked, canceled, or obtained with intent

13  to defraud.  To "aid and abet" means intentionally to help someone

14  else commit a crime.

15     8.   Defendant understands that for defendant to be guilty of

16  the crime charged in count two, that is Aggravated Identity Theft, in

17  violation of Title 18, United States Code, Section 1028A(a)(1), the

18  following must me true: (1) defendant knowingly possessed without

19  legal authority a means of identification of another person;

20  (2) defendant knew that the means of identification belonged to a

21  real person; and (3) defendant did so during and in relation to the

22  commission of a felony under 18 U.S.C. § 1029(a)(3).  The government

23  need not establish that the means of identification of another person

24  was stolen.  To "aid and abet" means intentionally to help someone

25  else commit a crime.

26

## PENALTIES AND RESTITUTION

27     9.   Defendant understands that the statutory maximum sentence

28  that the Court can impose for a violation of Title 18, United States

Code, Section 1029(a)(3), as charged in count one of the First Superseding Information, is: 10 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

10. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1028A(a)(1), as charged in count two of the First Superseding Information, is: two years' imprisonment; a one-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

11. Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 12 years' imprisonment; a three-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

12. Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 1028A(a)(1), as charged in count two of the First Superseding Information, is a two-year term of imprisonment, which must run consecutive to any other sentence of imprisonment.

13. Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offenses to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the

Court may order restitution to persons other than the victim(s) of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result of: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any count dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with that count.  The USAO currently believes that the applicable amount of restitution is approximately $2,069,420, but defendant reserves the right to oppose that calculation, and the parties recognize and agree that the estimated amount of restitution could change based on facts that come to the attention of the parties prior to sentencing.

14.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

15.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

16.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

17.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant

and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 19 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On October 2, 2020, in Los Angeles County, within the Central District of California, defendant and co-defendant Malakian, each aiding and abetting the other, knowingly possessed with intent to defraud approximately 84 debit card account numbers, all belonging to persons other than defendants, with said possession affecting interstate and foreign commerce.  Also, on October 2, 2020, in Los Angeles County, within the Central District of California, defendant and co-defendant Malakian, each aiding and abetting the other, knowingly possessed, without lawful authority, means of identification that defendants knew belonged to a person other than defendants, the name of victims A.F., during and in relation to the offense of Possession of Fifteen or More Unauthorized Access Devices, a felony violation of Title 18, United States Code, Section 1029(a)(3), as charged in count one of the First Superseding Information.

Specifically, on October 2, 2020, defendant and co-defendant Malakian attempted to tamper with an automated teller machine ("ATM") at a Bank of America in Glendora, California.  In his pocket, co-defendant Malakian possessed 20 Visa Employment Development Department ("EDD") debit cards, as well as a foldable knife and $17,900 in cash.  In his pocket, defendant possessed 16 EDD debit

cards, four ATM receipts reflecting $2,600 in withdrawals, and $14,180 in cash.  Many of the EDD debit cards had the pin numbers written in black marker across the front.

Inside co-defendant Malakian's father's car (the "car"), which defendants had been driving and had parked roughly one block away from the ATMS, defendant and co-defendant Malakian possessed: (1) 48 additional EDD cards in names other than defendants' and (2) an ATM receipt in a backpack in the backseat.

Defendant had traveled to ATMs with co-defendant Malakian and made cash withdrawals using the EDD debit cards on at least the following dates: August 16, 2020, August 22, 2020, August 27, 2020, September 19, 2020, September 30, 2020, October 1, 2020, and October 2, 2020, at the Glendora Bank of America and other Bank of America locations across Los Angeles County.  By using the unauthorized access devices during the period of August 16 to October 2, 2021, defendants obtained at least $1,000 in cash.

Federal agents interviewed five individuals whose names were on the EDD debit cards defendant and co-defendant Malakian possessed, A.F., V.L., H.M., K.M., and R.P.  None of the victims knew defendants, lived in California, applied for EDD benefits in their names, or gave defendants permission to possess or use their personal identifying information or to apply for benefits in their names.

Bank of America Corporation is a Delaware corporation, a bank holding company and a financial holding company. Bank of America is an interstate bank that operates in all 50 states, the District of Columbia and more than 40 foreign countries.

SENTENCING FACTORS

18. Defendant understands that in determining defendant's sentence, the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and the maximum set by statute for the crimes of conviction.

19. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1(a)(2) |
| Involved 10 or more victims | +2 | U.S.S.G. § 2B1.1(b)(2)(A) |
| Possession of five or more means of identification that were unlawfully produced from another means of identification | +2 | U.S.S.G. § 2B1.1(b)(11) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

Defendant understands that pursuant to U.S.S.G. § 2B1.6(a), the Court must sentence defendant to a term of two years' imprisonment on count two, which must run consecutive to any term of imprisonment imposed for count one.

20. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

21. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

22. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.  The right to persist in pleas of not guilty.

    b.  The right to a speedy and public trial by jury.

    c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary, have the Court appoint counsel -- at every other stage of the proceeding.

    d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e.  The right to confront and cross-examine witnesses against defendant.

    f.  The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTIONS</u>

23.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK</u>

24.   Defendant agrees that, provided the Court, before imposition of the mandatory consecutive sentence of 24 months on count two, imposes a term of imprisonment within or below the range corresponding to an offense level of 25 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term

14

of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court, the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d), and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

25.  Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

26.  Defendant's agreement to waive his right to bring a post-conviction collateral attack on the convictions or sentence does not affect in any way the right of the USAO to appeal the sentence imposed by the Court.

27.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 25 and the criminal history category calculated by the Court, and a consecutive term of

two years' imprisonment, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the following: the amount of restitution ordered if that amount is less than $2,069,420.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

28.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

29.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining count of conviction, with both the USAO and defendant being

1  released from all their obligations under this agreement, or

2  (c) leave defendant's remaining conviction, sentence, and plea

3  agreement intact. Defendant agrees that the choice among these three

4  options rests in the exclusive discretion of the USAO.

EFFECTIVE DATE OF AGREEMENT

6     30. This agreement is effective upon signature and execution of

7  all required certifications by defendant, defendant's counsel, and an

8  Assistant United States Attorney.

BREACH OF AGREEMENT

10     31. Defendant agrees that if defendant, at any time after the

11  signature of this agreement and execution of all required

12  certifications by defendant, defendant's counsel, and an Assistant

13  United States Attorney, knowingly violates or fails to perform any of

14  defendant's obligations under this agreement ("a breach"), the USAO

15  may declare this agreement breached. All of defendant's obligations

16  are material, a single breach of this agreement is sufficient for the

17  USAO to declare a breach, and defendant shall not be deemed to have

18  cured a breach without the express agreement of the USAO in writing.

19  If the USAO declares this agreement breached, and the Court finds

20  such a breach to have occurred, then: (a) if defendant has previously

21  entered guilty pleas pursuant to this agreement, defendant will not

22  be able to withdraw the guilty pleas, and (b) the USAO will be

23  relieved of all its obligations under this agreement.

24     32. Following the Court's finding of a knowing breach of this

25  agreement by defendant, should the USAO choose to pursue any charge

26  that was either dismissed or not filed as a result of this agreement,

27  then:

1      a.   Defendant agrees that any applicable statute of
2 limitations is tolled between the date of defendant's signing of this
3 agreement and the filing commencing any such action.

4      b.   Defendant waives and gives up all defenses based on
5 the statute of limitations, any claim of pre-indictment delay, or any
6 speedy trial claim with respect to any such action, except to the
7 extent that such defenses existed as of the date of defendant's
8 signing this agreement.

9      c.   Defendant agrees that: (i) any statements made by
10 defendant, under oath, at the guilty plea hearing (if such a hearing
11 occurred prior to the breach); (ii) the agreed to factual basis
12 statement in this agreement; and (iii) any evidence derived from such
13 statements, shall be admissible against defendant in any such action
14 against defendant, and defendant waives and gives up any claim under
15 the United States Constitution, any statute, Rule 410 of the Federal
16 Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
17 Procedure, or any other federal rule, that the statements or any
18 evidence derived from the statements should be suppressed or are
19 inadmissible.

20                    COURT AND USPPSO NOT PARTIES

21    33.  Defendant understands that the Court and the USPPSO are not
22 parties to this agreement and need not accept any of the USAO's
23 sentencing recommendations or the parties' agreements to facts or
24 sentencing factors.

25    34.  Defendant understands that both defendant and the USAO are
26 free to: (a) supplement the facts by supplying relevant information
27 to the USPPSO and the Court, (b) correct any and all factual
28 misstatements relating to the Court's Sentencing Guidelines

                                   18

calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 19 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the USPPSO and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

35.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the two-year mandatory consecutive sentence and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

36.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

1

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2      37.   The parties agree that this agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
7   CALIFORNIA

8   TRACY L. WILKISON
    United States Attorney

9

10                                              12/30/2021

    LYNDSI ALLSOP                               _____
11  Assistant United States Attorney            Date

12                                              12/30/2021
    SEVAK MEHRABIAN                             _____
13  Defendant                                   Date

14                                              12/29/21
    RONALD D. HEDDING                           _____
15  Attorney for Defendant SEVAK                Date
    MEHRABIAN
16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_Sevak M_____   _12/30/2021_____

SEVAK MEHRABIAN                                    Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am SEVAK MEHRABIAN's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

RONALD D. HEDDING
Attorney for Defendant SEVAK
MEHRABIAN

Date 12/29/21